UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Cause No.  3:06-CR-00144(01)RM |
| ) | |
| BADAYAH BRAZELTON ) | |

OPINION AND ORDER

On March 14, 2007, a jury found Badayah Brazelton guilty of possession of a firearm after a felony conviction (count 1); possession of a firearm in furtherance of a drug trafficking crime (count 2); possession of cocaine, in an amount of 50 grams or more, with intent to distribute (count 3); possession of cocaine with intent to distribute (count 4); and possession of marijuana with intent to distribute (count 5). He was sentenced to 425 months' imprisonment.

Mr. Brazelton didn't file a pre-trial motion to suppress, but during trial his attorney orally moved for a hearing to suppress evidence recovered from a South Bend residence on October 10, 2006, arguing that certain trial testimony was inconsistent with testimony officers had given in support of a search warrant. The court denied the motion for an in-trial suppression hearing as untimely and lacking good cause but advised defense counsel that he could make a post-trial motion for a hearing.[1]

---

[1] The court engaged in the following exchange with defense counsel:
The Court:   Let me propose a course of action here. As far as the good cause, I understand why an issue wasn't raised before. I don't at this point —and I understand you're responding to evidence you've been hearing this afternoon. I don't at this point see that basis. I guess what I would propose to do is proceed forward. And if there is reason

Defense counsel never moved for a post-trial suppression hearing during the three months between Mr. Brazelton's conviction and sentencing. On June 25, he filed a notice of appeal along with a motion for a suppression hearing, arguing again that certain trial testimony constituted good cause for the court to grant relief from the waiver of a pre-trial motion. *See* FED. R. CRIM. P. 12(e). The government responded, arguing the trial testimony doesn't constitute good cause to excuse his waiver because this testimony doesn't affect the probable cause determination. Because the notice of appeal was filed contemporaneous with the request for a suppression hearing, the court directed supplemental briefing on its remaining jurisdiction.

The filing of a notice of appeal generally divests a district court of jurisdiction over matters raised in the appeal, United States v. Turchen, 187 F.3d

---

|  |  |
|---|---|
|  | to file a post-trial motion later on, if you wish to file a post-trial motion to strike the government's evidence per this search based on the objections you've made and the inability to file a timely suppression motion, I guess I would propose, if necessary, then to conduct a retroactive suppression hearing. Would that be agreeable to you? |
| Mr. Pagos: | Would the court consider that dispositive if it was post-verdict? |
| The Court: | Well, I would, if the — if the evidence were suppressed. I don't know what other evidence I'm going to hear. So if the evidence were suppressed, obviously that would go to the sufficiency of the evidence, so I guess I don't know clearly. Does that answer your question? I'm not sure I understood your question. By dispositive, did you mean would it dispose of the case? I guess it might well if I found it should have been suppressed. But I guess what I don't see right now is cause. Obviously if your motion is filed, and I still don't see good cause to entertain it, I would deny it without a hearing. If I do see good cause to find it to be filed late, then we can proceed with it. But at this point, I guess I don't see good cause to interrupt the jury trial so we could conduct an in trial suppression hearing. |
| Mr. Pagos: | All right, Your honor. |
| The Court: | Would that protect your rights? |
| Mr. Pagos: | Yes, sir. |

735, 743 (7th Cir. 1993), but it doesn't prevent the court from entertaining motions on matters collateral to those at issue on appeal. Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995) (listing the issues a court can consider, which include attorneys' fees, whether to grant permanent injunctive relief while an appeal from a preliminary injunction is pending, and certificates of probable cause). Nor does it prevent the court from taking action that "assist[s] the court of appeals in its determination." Patzer v. Board of Regents of University of Wisconsin System, 763 F.2d 851, 859 (7th Cir. 1985).[2]

    Defense counsel says a ruling on his motion for a post-verdict hearing "would actually be a matter in aid of the appeal" because "no ruling has been made on the Motion," so "there would be no issue before the Court of Appeals." The court disagrees. At trial, the court denied his request for a suppression hearing because there wasn't good cause. The court therefore understands his assertion that "no ruling has been made on the Motion," to be in reference to the ultimate issue of whether evidence should be suppressed. But before the suppression issue could be answered, defense counsel was required to present a legitimate explanation for not making a timely pre-trial motion. United States v. Hamm, 786 F.2d 804, 806-807 (7th Cir. 1986) ("In order to gain relief under Rule 12(f), a party must present a legitimate explanation for his failure to make a timely motion and absence of prejudice.") (citation omitted); *see also* United

---

[2] Mr. Brazelton first argues that his request for a suppression hearing is akin to a motion for acquittal, new trial, and arrest of judgment under FED. R. APP. P. 4(b)(3)(A), but he offers no authority for this proposition.

States v. Mangieri, 694 F.2d 1270, 1283 (D.C. Cir.1982) (holding that a trial court may hear an untimely motion to suppress in "unusually meritorious cases," and the court's decision whether to hear such a motion is disturbed only for clear error). The court determined that he hadn't shown good cause, and whether this decision amounts to clear error is now on appeal. *See* Id. at 806 ("A trial court has discretion when considering an untimely motion and a reviewing court may disturb the trial court's decision only for clear error that he hadn't and this issue isn't collateral to his appeal."). The court therefore isn't persuaded that a hearing on the issue of suppression at this point would aid the court of appeals in its determination.

In the alternative, defense counsel asks the court to consider his motion under Federal Rule of Civil Procedure 60(a), suggesting "that leave be sought from the Court of Appeals" in order to rule on his post-verdict motion during the pendency of the appeal. Circuit Rule 57 states: "[a] party who during the pendency of an appeal has filed a motion under FED. R. CIV. P. 60(a) or 60(b), FED. R. CRIM. P. 35(b), or any other rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion." Id. The function of the Rule is to assist the court of appeals by asking a district court what the probable result of a remand might be when the facts of the case have clearly changed. *See* Adams v. City of Chicago, 135 F.3d 1150, 1153 (7th Cir. 1998); United States v. Fazzini, 2004 WL 421965 * 1 (N.D. Ill. February 17, 2004). Rule 60(a) only permits the court to correct "clerical errors" in the

4

record "to show what was done, rather than change them to reflect what should have been done," Blue Cross and Blue Shield Ass'n v. American Express Co., 467 F.3d 634, 637 (7th Cir. 2006), and there isn't any evidence of clerical error in the record to make this court inclined to grant a motion to modify judgment.[3]

Accordingly, the court declines to rule on the defendant's motion for a post-verdict suppression hearing [Doc. No. 50] because it lacks jurisdiction.

SO ORDERED.

Entered:   July 18, 2007

>     /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court

---

[3]The Federal Rules of Criminal Procedure don't provide "what is typically described as a 'motion to reconsider.'" United States v. Griffin, 84 F.3d 820, 826 n.4 (7th Cir. 1992). In any event, Mr. Brazelton hasn't cited to Rule 60(b), nor has he made any attempt to show specific grounds for modification as provided by the Rule, so the court declines to consider the merits of any such request. See, e.g., United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1999) (holding that motions under Rule 60(b) "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b) – they cannot be general pleas for relief").